IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BORTON, LC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 6:14-CV-01411 |
| | ) |
| VAA, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendant's "Motion to Compel Interrogatory Responses" from Plaintiff requests for admissions. (Doc. 47.) Although the time has not expired for Defendant to file its reply brief, the Court has determined that additional briefing is unnecessary. For the reasons set forth below, the Court **GRANTS in part** and **DENIES in part** Defendant's motion.

## BACKGROUND

Plaintiff is a designer and constructor of grain storage and handling facilities in North America. (Doc. 1-3, at 2.) VAA is an engineering consultant. (*Id.*; *see also* Doc. 48, at 1.) The present lawsuit arises from the construction of a multi-million dollar grain-loading facility. (Doc. 1-3, at 2.) Plaintiff was chosen as the designer/builder for the facility and selected Defendant as an engineering consultant. (*Id.*)

1

Plaintiff filed the present lawsuit in Reno County, Kansas, District Court, bringing claims for professional negligence, breach of implied warranty, and breach of the covenant of good faith and fair dealing. (*See generally id.*) Thereafter, Defendant removed the matter to federal court (Doc. 1), and filed its Answer, generally denying Plaintiff's allegations and raising certain affirmative defenses (Doc. 5).

The discovery requests at issue were served on April 30, 2015. (Doc. 27.) When Defendant had not received responses by June 10, 2015, it started the court-mandated meet and confer process. (Doc. 48, at 2.) Plaintiff's responses were served later that same day. (Doc. 35.) In response to Interrogatories Nos. 2, 4, 5, and 7, Plaintiff invoked the option under Fed.R.Civ.P. 33(d) to produce business records containing the requested information. (*See generally* Doc. 48-1.) Defendant's motion indicates that Plaintiff produced a voluminous number of documents (approximately 195,000). (Doc. 48, at 3.) Defendant also discusses the complexity and cost of searching the documents in the individual .pdf format in which they were produced. (*Id.*)

## ANALYSIS

I.  **Standards for Discovery.**

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .

Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." As such, the requested information must be both nonprivileged and relevant to be discoverable.

When answering Interrogatories pursuant to Fed.R.Civ.P. 33, a responding party has the option of producing business records in lieu of a written response "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party . . . ." If this option is chosen, the responding party must specify "the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could" and give the requesting party "a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." Fed.R.Civ.P. 33(d).

## II. Specific Discovery Requests.

### A. Interrogatory No. 2.

Interrogatory No. 2 inquires as to whether Plaintiff has taken action to mitigate their claimed damages. (Doc. 48-1, at 4.) In response, Plaintiff indicates that it "had numerous meetings, telephone conversations, and e-mail exchanges"

with various individuals "to evaluate and prepare change order requests . . . and to negotiate resolution of . . . change order claims for additional steel." (*Id.*) Plaintiff indicates it has "no way at this time to identify the dates of those communications other than through the project documents" and invokes the option under Fed.R.Civ.P. 33(d) to produce business records containing the requested information. (*Id.*)

Defendant asks that Plaintiff be required to produce or identify "by bates number, the specific documents" involved. Given the volume of documents produced (discussed *supra*), and Plaintiff's relative familiarity with the documents, the Court finds Defendant's request to be reasonable. Plaintiff acknowledges that there are a "massive number of documents associated with this case," with some 195,000 documents produced. (Doc. 60, at 3.) "Because of the sheer number of documents involved in this litigation, further details (e.g. date of each document, its identity, and where it can be located) are necessary to meet the Rule 33(d) specificity requirement." ***Black & Veatch Corp. v. Aspen Ins. (UK) Ltd.***, 2014 WL 806071, at *12 (D. Kan. Feb. 28, 2014). Defendant's motion is **GRANTED** in regard to Interrogatory No. 2. Plaintiff shall amend its response to Interrogatory No. 2 accordingly within thirty (30) days of the date of this Order.

    **B.**    **Interrogatories Nos. 4 and 5.**

These interrogatories seek information relating to specific communications between Plaintiff and JH Kelly and Pederson Bros. regarding Plaintiff's "claims against VAA related to the quantity of steel issues[.]" (Doc. 48-1, at 5.) Plaintiff again invokes the option under Fed.R.Civ.P. 33(d) to produce business records containing the requested information. (*Id.*) Defendant argues that Plaintiff is in a better position to identify the relevant documents from the voluminous number of documents produced because "Plaintiff would have created and/or received the communications" at issue. (*Id.*, at 4.) Defendant continues that it "only wants Plaintiff to identify by bates number the documents that Plaintiff is aware of" and "does not expect Plaintiff's counsel to perform an exhaustive search of its entire document production to locate every potentially responsive document." (*Id.*) The Court finds Defendant's request to be reasonable under the circumstances. Defendant's motion is **GRANTED** in regard to Interrogatories Nos. 4 and 5. Plaintiff shall amend its responses to Interrogatories Nos. 4 and 5 accordingly within thirty (30) days of the date of this Order.

    **C.**    **Interrogatory No. 7.**

Interrogatory No. 7 requests the specific details regarding the allegations contained in paragraph 14 of Plaintiff's Complaint relating to "errors identified during the steel fabrication process." (Doc. 48-1, at 6.) After providing a concise, narrative response, Plaintiff again invokes the option under Fed.R.Civ.P. 33(d) to

produce business records containing the requested information. (*Id.*) Defendant states that it "simply wants Plaintiff to describe these 'errors'" and argues Plaintiff "is in a much better position to identify those alleged errors" given the voluminous number of documents produced. (Doc. 48, at 5.) The Court finds Defendant's request to be reasonable under the circumstances. The Court finds that the option to produce records is not a sufficient response to this Interrogatory, which requires a detailed itemization of Plaintiff's claims. Defendant's motion is **GRANTED** in regard to Interrogatory No. 7. Plaintiff shall amend its response to Interrogatory No. 7 accordingly within thirty (30) days of the date of this Order.

### D. Interrogatories Nos. 10 and 11.

These interrogatories seek the "specific dollar amount of contingency" (No. 10) and "specific dollar amount of contingency related to steel" (No. 11) that was "included in both Borton's original and final bids to the owner." (Doc. 48-1, at 7.) Plaintiff responded that the original and final proposals "did not identify a 'contingency' fund" for the project (No. 10) or "for the structural steel required" for the project (No. 11.) (*Id.*)

Defendant argues that the answers are nonresponsive because the interrogatories sought "the actual amount of contingency included in Plaintiff's proposals – whether specifically identified in those proposals or not." (*Id.*) The Court understands Plaintiff's answers to state that there were no such

contingencies.  In response to Defendant's motion, Plaintiff unequivocally states that "no specific dollar amount in [Plaintiff's] bids to the owner was identified, listed, itemized, enumerated, or allocated to a separate 'contingency' to cover [Defendant's] errors."  (Doc. 60, at 7.)  The Court sees no basis to require Plaintiff to further clarify its response.  Defendant's motion is **DENIED** as to Interrogatories Nos. 10 and 11.

    **IT IS THEREFORE ORDERED** that Defendant's "Motion to Compel Interrogatory Responses" from Plaintiff (Doc. 47) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

    **IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 20th day of August, 2015.

                              S/ KENNETH G. GALE
                              KENNETH G. GALE
                              United States Magistrate Judge